## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO.:**

CHEN-CHI YEH, individually,

      Plaintiff,

vs.

GEICO MARINE INSURANCE
COMPANY, a Foreign Corporation,

      Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, GEICO Marine Insurance Company ("Defendant" or "GEICO"), hereby files this, its Notice of Removal of the above styled cause pursuant to 28 U.S.C. § 1333, § 1331, § 1441, and § 1446 from the Circuit Court of the Eleventh Judicial Circuit In and For Miami-Dade County Florida, Case No.: 2018-010640-CA-01, in which this action is pending, to the United States District Court, Southern District of Florida, Miami Division and in support thereof states the following:

1.      This cause is an action for negligence originally filed by Plaintiff, Chen-Chi Yeh ("Plaintiff" or "Yeh"), in the Circuit Court of the Eleventh Judicial Circuit In and For Miami-Dade County Florida, Case No.: 2018-010640-CA-01.  Specifically, Plaintiff alleges GEICO was negligent and breached its contract of insurance.

2.      Written notice of the filing of this Notice of Removal, this day, has been given to Plaintiff through her attorneys of record, Bruce H. Hornstein, Esq. of Bruce Hornstein, P.A., 6961 Indian Creek Drive, Miami Beach, Florida 33141.

3.      A copy of this Notice of Removal is being filed simultaneously with the Clerk of the Circuit Court of the Eleventh Judicial Circuit In and For Miami-Dade County Florida.

4.      True and correct copies of all process, pleadings, and orders filed in the aforementioned state court action are attached hereto as Exhibit "A".

5.      The Complaint was filed by the Plaintiff in state court on April 3, 2018.  This Notice of Removal is filed within thirty (30) days after filing of the pleading on April 3, 2018 setting forth the claim for relief on which this action is based.  Therefore, the Notice is timely filed pursuant to the requirements of 28 U.S.C. § 1446.

6.      Pursuant to 28 U.S.C. § 1333(1) district courts "have original jurisdiction, exclusive of the courts of the States, of ... [a]ny civil action of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are entitled."

7.      This action falls within this Court's original admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and arises under general maritime law and Fed. R. Civ. P. 9(h) as it involves allegations surrounding the salvage and/or contract salvage, or towing services as alleged by Plaintiff, of Plaintiff's vessel.  *See Houseman v. O'Hara*, 40 U.S. 40, 10 L.Ed. 653 (1841) ("The admiralty court is the only court where such a question [of salvage] can be tried."); *Cope v. Vallette Dry-Dock Co.*, 119 U.S. 625 (1887) (jurisdiction over contract salvage).

8.      An action within this Court's original admiralty jurisdiction is removable pursuant to 28 U.S.C. § 1441(a): "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  *See also Ryan v. Hercules Offshore Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013)(allowing removal of admiralty action in the absence of diversity jurisdiction).

2

9.      In addition, this is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.  Pursuant to 28 U.S.C. § 1441(b), suits that do not arise under federal law are removable "if none of the parties in interest properly-joined and served as defendant is a citizen of the State in which such action is brought."  The only further requirement for diversity jurisdiction is that the amount in controversy exceed $75,000.00.

10.      When a defendant removes an action to federal court on diversity grounds, a court must remand the matter to state court if complete diversity is lacking between the parties or if any of the properly served defendants are citizens of the state in which the suit was filed.  *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007).

11.      As discussed below, there is complete diversity of citizenship between Plaintiff and Defendant.  28 U.S.C. § 1332(a)(3).

12.      Plaintiff alleges she is a resident of Florida.  Compl., ¶ 4, Exh. A.

13.      Plaintiff alleges Defendant is also a Foreign for profit Corporation.  Compl., ¶ 3, Exh. A.

14.      Further, it appears the amount in controversy exceeds the $75,000 threshold required for diversity jurisdiction.

15.      First, while Plaintiff's Complaint does not allege a specific amount, it does allege the following pertinent facts:

      a.      Plaintiff seeks past *and* future damages as a result of Plaintiff's vessel being damages, destroyed, and missing parts and Defendant's continued refusal to remedy same.  *Id.* at ¶ 21;

3

b.     Plaintiff alleges it has retained a law firm to represent it and is obligated to pay the law firm reasonable fees for its services and seeks such damages in each Count of her Complaint.  *Id.* at pp. 4-5;

16.     Plaintiff's pre-suit letter to GEICO, attached hereto for reference, demands "that GEICO fully re-build the vessel and/or provide Chen Chi Yeh [Plaintiff] full replacement costs." *See* Hornstein Letter, Dec. 22, 2017, Exhibit "B".

17.     Plaintiff's letter attaches a six-page list of missing and damaged parts for which Plaintiff seeks damages and it is unclear whether such items or parts are included in the demand for re-build of the vessel or full replacement costs.  *Id.*

18.     Plaintiff's vessel is a 1970 Dufour 30-foot Monohull Sailing vessel which was not insured for hull and equipment coverage according to the Declarations Page attached hereto as Exhibit "C".

19.     The cost to rebuild such a vessel from its current condition, reimburse Plaintiff for missing items and damage, attorney's fees and interest exceeds $75,000.00.

20.     This action, having been brought in Miami-Dade County, Florida by Plaintiff is properly removable to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1441(a) and is timely filed within 30 days of receipt of the initial Complaint pursuant to 28 U.S.C. § 1446.

21.     Based upon the foregoing, GEICO respectfully submits that removal of this action is authorized under 28 U.S.C. §§ 1331, 1333, 1441, and 1446.

WHEREFORE the Defendant, GEICO Marine Insurance, respectfully requests this Honorable Court take jurisdiction of this action and that the removal of this cause to this Honorable Court be hereby effectuated.

Dated: May 3, 2018

Respectfully submitted,

By: */s/ Charles S. Davant*
Charles S. Davant
Florida Bar No. 15178
**FOWLER WHITE BURNETT**
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:     (954) 377-8100
Facsimile:     (954) 377-8101

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically this 3rd day of May, 2018 to: Bruce H. Hornstein, Esq. of Bruce Hornstein, P.A., 6961 Indian Creek Drive, Miami Beach, Florida 33141.

By: */s/ Charles S. Davant*
Charles S. Davant